IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE CORNISH, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) ) | Civil Action No. 17-920 |
| NANCY A. BERRYHILL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Plaintiff filed her application alleging she had been disabled since June 6, 2006. (ECF No. 10-6, p. 2). Administrative Law Judge ("ALJ"), Regina Carpenter, held a hearing on October 1, 2015. (ECF No. 10-2, pp. 24-59). On December 15, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 10-2, pp. 10-19).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 16). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing Opinion Evidence

Plaintiff argues that the ALJ erred in evaluating the opinion of the consultative examiner, Dr. Detore and the medical evidence regarding Plaintiff's mental impairments. (ECF No. 13, pp. 11-14). Specifically, Plaintiff submits that the ALJ gave significant weight to the opinion of Dr. Detore, but did not include all of the limitations set forth by Dr. Detore in the residual functional capacity (RFC).[2] *Id.* After a review of the record, I disagree.

The ALJ gave Dr. Detore's opinion significant weight and specifically noted Dr. Detore's unique notations in response to questions regarding Plaintiff's ability to interact appropriately with the public, supervisors and coworkers. (ECF No. 10-2, p. 18). The ALJ summarized Dr. Detore's opinion as follows:

> Significant weight is also accorded to the medical sources statement of consultative examiner, Lanny Detore, Ed.D, as his opinion that the claimant has

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels but with certain nonexertional limitations. (ECF No. 10-2, p. 15).

3

> no limitations in understanding, remembering, and carrying out instructions and mild to moderate limitations in social functioning, is supported by his detailed examination findings and the other evidence of record (Exhibit 9F/1-2). **In so concluding, the undersigned acknowledges that Mr. Detore included markings between moderate and marked with regard to the claimant's ability to interact appropriately with the public, supervisors, and co-workers, however, his markings clearly fall short of identifying any marked limitations (Exhibit 9F/2). Further, such limitations are fully accommodated in the residual functional capacity, which includes significant social interaction limitations.**

(ECF No. 10-2, p. 18)(emphasis added). Thus, to be clear, Dr. Detore did not find Plaintiff's ability to act with the public, supervisors and co-workers to be marked. *See,* ECF No. 10-19, p. 7. Rather, Dr. Detore checked the moderately limited box for the above activities and then drew an arrow toward the marked box but did not check the marked boxes. *Id.* Dr. Detore's accompanying reports indicate that Plaintiff is "very, very limited in *spontaneous* social interaction and functioning…." (ECF No. 10-19, p. 13)(emphasis added). To that end, the ALJ also gave significant weight to the opinion of the state agency doctor who indicated that Plaintiff is markedly limited in her ability to interact with the general public. (ECF No. 10-2, pp. 17-18; No. 10-3, p. 8). Further, the ALJ considered the other evidence of record in assessing Plaintiff's RFC. (ECF No. 10-2, pp. 15-18). Based on the same, I find there is substantial evidence that the ALJ properly incorporated Dr. Detore's limitations in determining that Plaintiff has the RFC to perform a full range of work at all exertional levels but with certain nonexertional limitations including "only occasional interaction with co-workers and supervisors, and no interaction with the general public." (ECF No. 10-2, p. 15). Thus, I find no error in this regard.

Plaintiff submits, however, that based on the totality of the record, the ALJ should have found that Plaintiff was marked in all of the above activities and could not function in a competitive work environment. (ECF No. 13, pp. 12-13). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding….

4

> Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced. Consequently, I find that remand on this basis is not warranted.

### C. Credibility

Plaintiff next argues that the ALJ's credibility finding is not based on substantial evidence. (ECF No. 13, pp. 13-14). In evaluating whether a plaintiff's statements are credible, the ALJ will consider all evidence including that from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529; SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975). In this case, the ALJ did just that. While assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record (including her treatment history and records, her work history, her activities of daily living and her GAF scores) to her complaints and found them to be contradictory. (ECF No. 10-2, pp. 15-18).

Nonetheless, Plaintiff submits that the ALJ's credibility finding is lacking as it relies on "sporadic and transitory activities." (ECF No. 13, p. 13). As noted above, activities of daily

5

living are properly considered in assessing credibility. Moreover, they are just one of many factors considered. Thus, I find no error on the part of the ALJ in considering Plaintiff's activities of daily living. Additionally, Plaintiff argues that the ALJ's consideration of gaps in her treatment is misplaced. (ECF No. 13, p. 14). Lapses in treatment, again, are but one relevant factor in assessing a Plaintiff's subjective complaints.

Based on the above, I find that the ALJ properly evaluated Plaintiff's credibility in detail as required by 20 C.F.R. §§416.929, 404.1529. Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAWN MARIE CORNISH, )
 )
      Plaintiff, )
 )
 -vs- )   Civil Action No. 17-920
 )
 )
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 5th day of February, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 16) is granted.

                             BY THE COURT:

                             s/ Donetta W. Ambrose
                             Donetta W. Ambrose
                             United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.